# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARTIN LAWSON,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
CH-1221-15-0644-W-1

DATE: July 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Martin Lawson</u>, Baldwinsville, New York, pro se.

<u>Gregory White</u>, Esquire, Detroit, Michigan, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective July 20, 2015, the agency terminated the appellant from his term position after determining that, at the time of his appointment, he did not meet the eligibility requirements for the position, rendering his appointment erroneous. Initial Appeal File (IAF), Tab 1 at 7-10.  Thereafter, he filed the instant IRA appeal, alleging that the agency terminated him in retaliation for his request to discuss "perceived Prohibited Personnel Practices associated with agency discrimination" with human resources personnel and in violation of agency policies. *Id.* at 5.  In an August 31, 2015 order, the administrative judge informed the appellant of his burden of proof to establish Board jurisdiction over his appeal—namely, to show that he exhausted his administrative remedy with the Office of Special Counsel (OSC) and to make nonfrivolous allegations that he made a protected disclosure or engaged in protected activity that was a contributing factor in his termination—and ordered him to respond within 10 days of the order.  IAF, Tab 3.  The appellant did not respond within 10 days of the jurisdictional order or at any time during the pendency of the appeal.

¶3     Without holding the appellant's requested hearing, the administrative judge issued an initial decision finding that the appellant failed to show that he exhausted his administrative remedy with OSC and failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity.  IAF, Tab 51, Initial Decision (ID).  Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction.

¶4     The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has submitted a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.

## ANALYSIS

¶5     The Board has jurisdiction over an IRA appeal based on whistleblower reprisal under the Whistleblower Protection Enhancement Act of 2012 (WPEA), if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

The administrative judge correctly determined that the appellant failed to show that he exhausted his administrative remedies before OSC.

¶6     Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board.  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).  An appellant raising an IRA claim can establish that he exhausted his remedies before OSC by showing that he filed a request for corrective action there and either:  (1) he received written notification that OSC was terminating its investigation into his

complaints; or (2) 120 days have passed since he filed his request with OSC and he has not received written notification from OSC informing him that it was terminating its investigation into his complaints. 5 U.S.C. § 1214(a)(3); *Garrison v. Department of Defense*, 101 M.S.P.R. 229, ¶ 6 (2006). To satisfy the exhaustion requirement, the appellant must inform OSC of the precise nature of his protected disclosure or activity, giving OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 4 n.2 (2014); *Mason*, 116 M.S.P.R. 135, ¶ 8. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Mason*, 116 M.S.P.R. 135, ¶ 8.

¶7    Here, the appellant submitted evidence below showing that he filed a complaint with OSC on June 22, 2015, but failed to provide any information regarding the nature of his communications with OSC. IAF, Tab 1 at 13, Tab 8 at 3, Tab 14 at 4. Therefore, the administrative judge found that the appellant failed to show that he exhausted his administrative remedy. ID at 3-4. On review, the appellant argues that the administrative judge previously found that he had exhausted his administrative remedy with OSC in a telephonic status conference summary and that he relied on that finding in deciding to participate in mediation with the agency. PFR File, Tab 1 at 2-3.

¶8    In the telephonic status conference summary cited by the appellant, the administrative judge found that more than 120 calendar days had passed since the appellant filed his OSC complaint and that OSC had not yet informed him that it was terminating its inquiry into his complaint or that it was seeking corrective action on his behalf. IAF, Tab 12 at 1. Therefore, the administrative judge concluded that, "[u]nder 5 U.S.C. § 1214(a)(3), the appellant is [] considered to have exhausted his administrative remedies with OSC, meaning he can prosecute

his [IRA] appeal with this Board." *Id.* Although the administrative judge found that the appellant's IRA appeal was properly before the Board under section 1214(a)(3), she did not find that the appellant had proven exhaustion of the specific claims at issue in this appeal or that the Board had jurisdiction over the appeal. *Id.* Indeed, in the same summary, she stated that, if the parties did not agree to participate in mediation and case processing resumed, the appellant "shall" submit a copy of his OSC complaint. *Id.* at 2-3.

¶9        Even if the administrative judge's summary was confusing and the appellant took it to mean that he no longer needed to submit evidence regarding the contents of his OSC complaint, he cannot show that his substantive rights were prejudiced because the initial decision put him on notice of what he must do to establish jurisdiction on review.[2] ID at 4; *see Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper jurisdictional notice can be cured if the initial decision puts him on notice of what he must do to establish jurisdiction, thus affording him the opportunity to meet his jurisdictional burden on review). On review, the appellant has submitted a December 10, 2015 letter from OSC indicating that it was closing its investigation into his complaint, in which he alleged that the agency terminated his employment in reprisal for his whistleblowing activity and in violation of agency guidelines. PFR File, Tab 4 at 6. He also has submitted a copy of his Freedom of Information Act request to OSC seeking a copy of his original OSC complaint and indicated that he will submit the document to the Board as soon as he receives it. *Id.* at 4, 7-10.

¶10       The OSC close-out letter does not show that the appellant advised OSC of the specific alleged protected activity upon which he now bases this IRA appeal and is, therefore, insufficient to establish that he exhausted his administrative

---

[2] In addition, the appellant failed to show how he was prejudiced by participating in an ultimately unsuccessful mediation with the agency. PFR File, Tab 1 at 5-6.

remedies. *See Mason*, 116 M.S.P.R. 135, ¶ 8. In addition, although he submitted evidence showing that he is in the process of obtaining a copy of his original OSC complaint, we need not delay the matter further awaiting OSC's response because, as discussed below, the appellant has also failed to make a nonfrivolous allegation that he engaged in protected activity or made a protected disclosure.

The administrative judge correctly found that the appellant failed to nonfrivolously allege that he made a protected disclosure or engaged in protected activity.

¶11    As noted above, to establish Board jurisdiction in an IRA appeal, an appellant must, after showing exhaustion, make nonfrivolous allegations that he engaged in protected activity or made a protected disclosure that was a contributing factor in the challenged personnel action. *Salerno*, 123 M.S.P.R. 230, ¶ 5. Here, the administrative judge found that, even if the appellant had exhausted his claim that the agency terminated him in retaliation for contacting human resources to discuss age discrimination before OSC, the Board would still lack jurisdiction over his appeal. ID at 4. In so finding, the administrative judge explained that reprisal for exercising an equal employment opportunity (EEO) right or for filing an EEO complaint that does not pertain to remedying whistleblower reprisal is not protected under the WPEA. ID at 4-5. The appellant does not challenge this finding on review, and we discern no basis to disturb it. PFR File, Tabs 1, 4; *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013) (clarifying that the substance of a complaint, appeal, or grievance must concern remedying whistleblower reprisal to be protected activity under section 2302(b)(9)(A)(i)); *see also Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (finding that purported disclosures that involve alleged discrimination or reprisal for engaging in activities protected by Title VII, even if made outside the grievance or EEO processes, do not constitute protected whistleblower activity under

section 2302(b)(8) because they pertain to matters of discrimination covered by section 2302(b)(1)(A)), *review dismissed*, 32 F. App'x 543 (Fed. Cir. 2002).

¶12 Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.